THE STATE OF OHIO, APPELLANT, *v.* HARRIS, APPELLEE.

[Cite as *State v. Harris* (1993), 66 Ohio St.3d 89.]

(No. 91–1557—Submitted January 19, 1993—Decided April 7, 1993.)

*Gregory A. White*, Prosecuting Attorney, and *Jonathan E. Rosenbaum*, Assistant Prosecuting Attorney, for appellant.

*Bradley & Giardini Co., L.P.A.*, and *Jack W. Bradley*, for appellee.

---

A. WILLIAM SWEENEY, J. The dispositive issue in this appeal is whether the requirement of former R.C. 2951.03, that a trial court consider a written presentence investigation report before granting shock probation, is jurisdictional. For the reasons that follow, we hold that such a written report is a necessary condition precedent before a trial court can grant such probation, and, therefore, we reverse the judgment of the court of appeals below and remand the cause to the trial court.

R.C. 2947.061,[1] which is generally referred to as the "shock probation" statute, see *State ex rel. Corrigan v. Court of Common Pleas* (1976), 45 Ohio St.2d 187, 74 O.O.2d 300, 343 N.E.2d 94, initially sets forth in subdivision (A) that it is "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code * * *."

Former R.C. 2951.03 (now R.C. 2951.03[A]) provided in relevant part:

"No person who has pleaded to or has been convicted of a felony shall be placed on probation until a written presentence investigation report by a probation officer has been considered by the court. * * * *"[2]

Defendant argues that the only thing necessary to invoke the trial court's jurisdiction under R.C. 2947.061 is the proper filing of a motion no earlier than thirty days and no later than sixty days after defendant has been delivered

---

1. R.C. 2947.061(A) provides in pertinent part:

"Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court may, upon motion of the defendant made no earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter. * * * *"

While it appears that defendant's motion for shock probation was made "earlier than thirty days * * * after the defendant * * * [was] delivered into the custody of the keeper of the institution in which he is to begin serving his sentence," the trial court's ruling on the motion did not constitute reversible error, since the trial court (assuming, *arguendo*, that it had jurisdiction to proceed) did not rule on the motion until after defendant had served at least thirty days of his sentence.

2. While the report referred to in this provision is in actuality a "post-sentence" report, we find that the nomenclature used by the General Assembly is wholly irrelevant to the issue before us.

into the custody of the institution where he is to serve his sentence. We disagree.

In our view, R.C. 2947.061 contemplates more than the mere filing of a motion for shock probation in order to invoke the trial court's jurisdiction to rule on the matter. As mentioned above, R.C. 2947.061(A) specifically states that it is "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code * * *."

R.C. 2947.061(A) indisputably applies R.C. 2951.03 to a motion for shock probation. The plain import of the language of R.C. 2951.03 is clear and unmistakable, and mandates that the trial court consider the written presentence investigation report *prior to* granting an R.C. 2947.061 motion for probation. As held in the first paragraph of the syllabus in *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198:

"The courts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute. (*Municipal Court v. State ex rel. Platter* [1933], 126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus, approved and followed.)"

Here, the trial court granted defendant's motion for shock probation at the same time it ordered a written "post-sentence" investigation report. Clearly, this was not the procedure envisioned by the General Assembly in its enactment of R.C. 2947.061 and 2951.03. The statutory scheme contemplates and mandates that the trial court consider a written presentence investigation report before ruling upon any motion for shock probation.

We believe that the necessity of such a written investigation report prior to any ruling made on a motion for shock probation is manifest. Such a written report reveals, *inter alia*, a defendant's background and the presence of any prior criminal convictions that may not have been brought out in the trial that led to defendant's conviction and sentence. In this way, the trial court can more effectively weigh the merits of defendant's motion in a manner that is fair to all parties concerned.

Accordingly, we hold that a trial court is without jurisdiction to rule on a motion for shock probation brought pursuant to R.C. 2947.061, unless and until a written investigation report has been considered by the court pursuant to the mandate of former R.C. 2951.03.

Therefore, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.