**The STATE of Ohio, Appellee,**

**v.**

**DIGRINO, Appellant.**

[Cite as *State v. Digrino* (1995), 107 Ohio App.3d 336.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17120.

Decided Nov. 8, 1995.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *William D. Wellemeyer*, Assistant Prosecuting Attorney, for appellee.

*Robert W. Berger*, for appellant.

REECE, Judge.

Appellant, Joseph A. Digrino, appeals from the decision of the court of common pleas denying his motion for "super shock probation" pursuant to R.C. 2947.061(B). We reverse the trial court's decision and remand the case for further proceedings.

## I

On May 17, 1991, Joseph A. Digrino pleaded guilty to one count of aggravated robbery, one count of kidnapping, and one count of gross sexual imposition. Digrino was sentenced to a term of incarceration of one year for the crime of gross sexual imposition and eight to twenty-five years, each, for the crimes of aggravated robbery and kidnapping. The sentences were ordered to run concurrently.

Digrino was committed to the Lorain Correctional Institution on May 22, 1991. On November 9, 1994, Digrino moved the court of common pleas for an order suspending further execution of sentence and placing him on probation pursuant to R.C. 2947.061(B), otherwise known as "super shock probation." Although finding that "this is one of those few people that have done an amazing job in prison, in rehabilitation[,] [h]is record [is] outstanding * * *," the trial court denied the motion. The court determined the absence of a presentence investigation and report in Digrino's case rendered it powerless to grant his motion. The

trial court based this determination on its interpretation of *State v. Harris* (1993), 66 Ohio St.3d 89, 609 N.E.2d 162.

## II

Digrino assigns as error the following: (1) the trial court erred in ruling it had no jurisdiction to hear his motion, and (2) the trial court erred in finding that a presentence investigation is a mandatory prerequisite to conferring the court with jurisdiction over a motion for "super shock probation." Because both assignments of error confront the trial court's interpretation of *Harris*, we will address them together.

R.C. 2947.061(B) provides:

"Subject to sections 2951.02 to 2951.09 of the Revised Code * * * the trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation * * * if the defendant was sentenced for an aggravated felony of the first, second, or third degree, * * * and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction."

R.C. 2951.03(A) states:

"No person who has pleaded guilty to or has been convicted of a felony shall be placed on probation until a written presentence investigation report by a probation officer has been considered by the court."

According to Crim.R. 32.2(A), "[i]n felony cases the court shall, and in misdemeanor cases may, order a presentence investigation and report before granting probation."

In *State v. Harris, supra,* 66 Ohio St.3d 89, 609 N.E.2d 162, the Ohio Supreme Court held that "a trial court is without jurisdiction to rule on a motion for shock probation brought pursuant to R.C. 2947.061, unless and until a written investigation report has been considered by the court * * *." *Id.* at 91, 609 N.E.2d at 163. In *Harris*, the defendant moved for "shock probation" after thirty days of incarceration pursuant to R.C. 2947.061(A). The trial court, "without the benefit of a hearing or a 'written presentence investigation report by a probation officer' * * * granted defendant's motion for shock probation while *simultaneously* ordering * * * a post-sentence investigation report on defendant." (Emphasis added.) *Id.* at 89, 609 N.E.2d at 162.

In the present case, a presentence investigation report was not ordered. Because the trial court interpreted *Harris* as mandating the consideration of a report made prior to sentencing, the court determined that it was without jurisdiction to grant Digrino's motion. We believe that the trial court's emphasis

on the timing of the *compilation* of the report is misplaced. "While the report referred to in this provision [R.C. 2951.03] is in actuality a 'post-sentence' report, we find that the nomenclature used by the General Assembly is wholly irrelevant to the issue before us." *Harris,* 66 Ohio St.3d at 90, 609 N.E.2d at 163, fn. 2. The *Harris* court was not governed by the point in time at which the investigative report was made. Rather, the court was concerned with ensuring consideration of the report prior to ruling favorably on a motion for "shock probation." The language "before granting probation" in Crim.R. 32.2(A) limits the trial court to ordering an investigation prior to granting probation, not necessarily prior to sentencing. See *State v. Rigdon* (Mar. 20, 1986), Adams App. No. 418, unreported, 1986 WL 3408.

The trial court was correct in its determination that it is without jurisdiction to grant a motion for "super shock probation" absent consideration of a written investigation report. We believe, however, that the term "presentence investigation report" reflects the type, rather than the timing, of the report. Neither the Revised Code nor the Criminal Rules mandate that the report actually be compiled prior to sentencing. Crim.R. 32.2(B) dictates the type of information which must be included in the presentencing investigation report. This report, made by a probation officer and containing relevant information about the defendant prior to his current contact with the justice system, includes the circumstances of the offense, the defendant's criminal record, social history, employment history, financial means, family situation, and present condition. There is no logical reason why a report containing all the information compiled in the common "presentence investigation report" cannot be made after sentencing.

While a defendant or trial court will often know prior to sentencing that probation is a consideration, thus realizing the necessity of a presentence investigation, such is not always the case and often a presentence investigation may not be ordered prior to sentencing. That the legislature recognizes that an investigation will not necessarily be conducted prior to sentencing is evident from the following provision:

"If a defendant is committed to any institution and a presentence investigation report is not prepared regarding that defendant pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the director of the department of rehabilitation and correction or his designee may order that an offender background investigation and report be conducted and prepared * * *." R.C. 2951.03(A).

R.C. 2947.061(B) provides that a convicted defendant may move for probation "at any time after serving six months." It is unreasonable to believe that every defendant who may be eligible for probation pursuant to this section, whether six months or six years after incarceration, will know prior to sentencing that he

intends to move for probation in the future and will therefore request an investigation be ordered immediately. Reading R.C. 2947.061 and *Harris* as requiring an investigation prior to sentencing in order to acquire jurisdiction over a later motion for probation is a perversion of the "shock probation" provision. Such a reading would require every convicted defendant who may possibly fall within the provisions for a grant of "shock" or "super shock" probation to clairvoyantly request an investigation prior to sentencing.

This interpretation of R.C. 2947.061 would likewise require the trial court to possess Delphic powers. Crim.R. 32.2(A) places the burden for ordering a presentence investigation on the trial court *before granting probation.* Unless probation is a consideration at the time of sentencing, there is no rational motivation for the trial court to expend the limited resources of the adult probation department by ordering an investigation at that time. The trial court cannot know that months or years into the future it may be asked to make a ruling on a motion for "super shock probation."

This narrow, formalistic reading of R.C. 2947.061 and *Harris,* endorsed by both the trial court and the state in the present case, would necessitate ordering an investigation prior to sentencing in cases in which a convicted defendant could possibly, in the future, be eligible for "shock" or "super shock" probation. Such a requirement would conflict with Ohio law. See *State v. Henry* (1987), 37 Ohio App.3d 3, 10, 523 N.E.2d 877, 884 ("[A] presentence investigation is only required if probation is to be granted."). Without blanket anticipatory investigations, a trial court would forever lose the power to grant probation pursuant to R.C. 2947.061. Such an excessive and unrestrained practice clearly is not what either the General Assembly or the *Harris* court intended.

Interpreting R.C. 2947.061, R.C. 2951.03, and Crim.R. 32.2 as restricting the time for compilation of an investigative report to before sentencing leads to an unreasonable result. The "shock" and "super shock" probation provisions, ineffective prior to and at sentencing, would require anticipatory investigations to be conducted while the actual provisions are as yet inapplicable, and may never be applicable, to the particular defendant. The entire effectiveness of the statute would then depend upon whether a "before-the-fact" investigation had been conducted. "Shock" and "super shock" probation are, by their very nature, postsentence remedies. Therefore, requiring the trial court or the defendant to know at the time of sentencing that "shock probation" will be asked for or granted in the future would defeat the remedial purpose of the statute and render the thirty day/six month postincarceration time limitations less meaningful.

A strong presumption exists against any statutory construction which produces unreasonable or absurd consequences. *State ex rel. Belknap v. Lavelle* (1985), 18

Ohio St.3d 180, 181–182, 18 OBR 248, 249–250, 480 N.E.2d 758, 759–760. In *Harris,* the Supreme Court recognized the nomenclature and timing of the report itself are immaterial. See *Harris,* 66 Ohio St.3d at 90, 609 N.E.2d at 162–163, fn. 2. What is germane to the jurisdiction of the trial court in a motion pursuant to R.C. 2947.061 is the consideration of a background investigation report compiled by the adult probation department prior to granting probation.

"Here, the trial court granted defendant's motion for shock probation *at the same time* it ordered a written 'post-sentence' investigation report. Clearly this was not the procedure envisioned by the General Assembly * * *.

"We believe that the necessity of such a written investigation report prior to any ruling made on a motion for shock probation is manifest. Such a written report reveals, *inter alia,* a defendant's background and the presence of any prior criminal convictions that may not have been brought out in the trial that led to defendant's conviction and sentence. In this way, the trial court can more effectively weigh the merits of defendant's motion in a manner that is fair to all parties concerned." (Emphasis added.) *Id.* at 91, 609 N.E.2d at 163.

To require that the investigation report considered by the trial court be made prior to sentencing places form over substance. The *Harris* decision imposes no such requirement. In remanding the cause to the trial court for further proceedings, where an investigation and report had not been made prior to sentencing, the Supreme Court implicitly held it is immaterial when the investigation and report were *made.* What is indispensable is that the report be *considered* prior to granting "shock probation."

We hold that while the trial court correctly determined it did not have jurisdiction to grant Digrino's motion, it incorrectly decided it could not acquire jurisdiction. By ordering the adult probation department to conduct a "presentence" investigation and compile a written report, and then considering that report before ruling, the court below will acquire jurisdiction to grant Digrino's motion for "super shock probation."[1] However, the state of the law in Ohio is clear: a trial court is not required to order and consider a presentence investigation where probation is not granted and the denial of a request for a presentence investigation is not error where probation is not granted. *State v. Cyrus* (1992), 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95–96; *State v. Evans* (1994), 93 Ohio App.3d 121, 125, 637 N.E.2d 969, 971; *State v. Dawson* (Dec. 4, 1991), Summit App. No. 15054, unreported, at 5, 1991 WL 259531.

---

1. R.C. 2947.061(B) states, "A defendant shall not file more than one motion pursuant to this division for each sentence imposed * * *." The trial court "denied" Digrino's motion not on the merits, but because it incorrectly determined it could not acquire jurisdiction to grant the motion. Upon remand, Digrino's motion will not fall within the provision restricting a defendant's motion to but one.

We do not decide whether an investigation should be ordered or whether Digrino's motion should be granted. That decision is left exclusively to the discretion of the trial court. *State v. Hawk* (1992), 81 Ohio App.3d 296, 301, 610 N.E.2d 1082, 1085. Our holding is limited to the determination that jurisdiction can properly be acquired in this case although an investigation was not ordered prior to Digrino's sentencing.

### III

The trial court did not have jurisdiction to grant Digrino's motion for "super shock probation" absent consideration of a "presentence" investigation report. However, the timing of the report's creation is immaterial to jurisdiction. The report itself may be ordered and compiled at any time prior to the court's ruling on the motion for probation.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and DICKINSON, J., concur.