William H. Oswalt appeals from a judgment of the Darke County Court of Common Pleas, which denied his motion for shock probation.
On May 8, 1996, a criminal complaint was filed against Oswalt charging him with corruption of a minor, in violation of R.C.2907.04, a felony of the third degree. On May 24, 1996, the grand jury indicted Oswalt on that charge. The indictment stated that the offense of engaging in sexual conduct with a minor had occurred on April 21, 1996. On June 14, 1996, Oswalt, represented by counsel, was arraigned and entered a plea of not guilty to the charge stated in the indictment. Oswalt and the state presented, and the trial court approved, a negotiated plea agreement, which included the terms that Oswalt would plead guilty to an amended indictment charging him with attempted corruption of a minor, in violation of R.C. 2923.02 and 2907.04, a felony of the fourth degree, and that the matter would be referred for a presentence investigation report. The trial court accepted Oswalt's guilty plea. The trial court also ordered the Adult Probation Department to compile a presentence investigation report and released Oswalt on his own recognizance.
After considering the report and allowing the parties to be heard on the issue of sentencing, on September 4, 1996, the trial court sentenced Oswalt to an eighteen-month term of incarceration, of which all but one hundred-fifty days were suspended, and placed Oswalt on probation for thirty-six months. The trial court imposed a list of terms and conditions of Oswalt's probation.
On April 21, 1997, Oswalt appeared before the trial court on a charge of violating the terms and conditions of his probation. At the May 21, 1997 hearing on the state's motion to revoke Oswalt's probation, Oswalt admitted to violating the terms and conditions of his probation. On June 24, 1997, the trial court reimposed the eighteen-month sentence, crediting Oswalt for the one hundred seventeen days previously served. Oswalt was delivered into the custody of the Ohio Department of Rehabilitation and Corrections on July 2, 1997.
On August 5, 1997, Oswalt filed a motion for shock probation pursuant to R.C. 2947.061(A). The trial court denied Oswalt's motion on September 5, 1997. Oswalt appealed the trial court's decision denying him shock probation on September 30, 1997.
Oswalt raises one assignment of error on appeal.
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR SHOCK PROBATION WITHOUT CONSIDERING A WRITTEN INVESTIGATION REPORT.
Oswalt contends that the trial court should have ordered and considered a postsentence investigation report prior to denying his motion for shock probation.
Former R.C. 2947.061(A), which applies to Oswalt's motion for shock probation because his offense had occurred prior to July 1, 1996, stated:
 Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which the defendant is to begin serving the defendant's sentence or upon the court's own motion during the same thirty-day period, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that, consistent with all required conditions of probation prescribed by division (C) of section 2951.02 of the Revised Code, the court determines, notwithstanding the expiration of the term of court during which the defendant was sentenced.
Former R.C. 2951.03(A) discussed presentence investigation reports in felony cases and stated, in pertinent part:
 No person who has pleaded guilty to or has been convicted of a felony shall be placed on probation until a written presentence investigation report by a probation officer has been considered by the court. The probation officer shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant.
Crim.R. 32.2(A) states that, in felony cases, the trial court shall "order a presentence investigation and report before granting probation."
"[A] written report is a necessary condition precedent before a trial court can grant [shock] probation * * *." State v.Harris (1993), 66 Ohio St.3d 89, 90. The Harris court further explained:
 We believe that the necessity of such a written investigation report prior to any ruling made on a motion for shock probation is manifest. Such a written report reveals, inter alia, a defendant's background and the presence of any prior criminal convictions that may not have been brought out in the trial that led to defendant's conviction and sentence. In this way, the trial court can more effectively weigh the merits of defendant's motion in a manner that is fair to all parties concerned.
Id. at 91. In State v. Digrino (1995), 107 Ohio App.3d 336, 339, the court stated that the Harris court "was concerned with ensuring consideration of the report prior to ruling favorably on a motion for `shock probation.'" The Digrino court further explained that the law in Ohio is clear that "a trial court is not required to order and consider a presentence investigation where probation is not granted and the denial of a request for a presentence investigation is not error where probation is not granted." Id. at 341, citing State v. Cyrus (1992), 63 Ohio St.3d 164,166; State v. Evans (1994), 93 Ohio App.3d 121, 125; State v.Dawson (Dec. 4, 1991), Summit App. No. 15054, unreported. Although a superficial reading of the Harris syllabus might suggest that consideration of a written investigation report is a precondition to any ruling — favorable or unfavorable — on a motion for shock probation, the reference to former R.C. 2951.03 in the syllabus, as well as the holding and discussion in the court's opinion, satisfy us that consideration of a written investigation report is a necessary condition precedent only to a favorable ruling on a motion for shock probation.
In this case, the trial court considered a presentence investigation report in granting probation to Oswalt. Following the revocation of Oswalt's probation and the subsequent filing of a motion for shock probation, the trial court denied the motion without ordering a postsentence investigation report. The trial court was not required to order such a report prior to denying Oswalt's motion for shock probation. Harris, 66 Ohio St.3d at 90;Cyrus, 63 Ohio St.3d at 166; Digrino, 107 Ohio App.3d at 341. Thus, the trial court acted appropriately in denying Oswalt's motion without considering such a report.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
YOUNG, P.J. and FAIN, J., concur.
Copies mailed to:
Jonathan P. Hein
R. Kelly Ormsby, III
Randall E. Breaden
Hon. Lee A. Bixler