[Cite as *State v. Eaton*, 2019-Ohio-2998.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27996 |
| | : | |
| v. | : | Trial Court Case No. 1985-CR-2210/1 |
| | : | |
| JAMES EATON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

KEVIN DARNELL, Atty. Reg. No. 0095952, 130 W. Second Street, Suite 2150, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} The State of Ohio appeals the trial court's order granting James Eaton shock probation under R.C. 2929.201. Eaton was not eligible for shock probation, so we reverse the trial court's judgment.

## I. Shock Probation

{¶ 2} Before the "sweeping changes" that Am.Sub.S.B. 2, 146 Ohio Laws, Part IV, 7136 ("S.B. 2") made to Ohio's felony sentencing laws in 1996, R.C. 2947.061(B) allowed a court to place a defendant convicted of a first-degree, second-degree, or third-degree aggravated felony on probation after the offender had served six months of his prison sentence. *State v. Tijerina*, 3d Dist. Defiance No. 4-02-01, 2002-Ohio-2979, ¶ 8. "This 'shock probation' existed as a form of what we now refer to as early judicial release." *Id.* R.C. 2947.061(B) provided that "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code * * *, the trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation upon the terms that * * * the court determines * * *." But the statute allowed a defendant to file only one motion for shock probation: "A defendant shall not file more than one motion pursuant to this division for each sentence imposed upon the defendant * * *." R.C. 2947.061(B).

{¶ 3} R.C. 2951.02, to which R.C. 2947.061(B) is subject, governs probation generally. R.C. 2951.02(F) makes certain offenders ineligible for probation. Pertinent here are offenders convicted of rape: "An offender shall not be placed on probation and shall not otherwise have the offender's sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies: * * * (4) The offense involved is a violation of section 2907.02 [rape] or 2907.12

[felonious sexual penetration] of the Revised Code."

**{¶ 4}** R.C. 2947.061 was repealed on July 1, 1996, when S.B. 2 went into effect. But "because the provisions of [S.B. 2] apply only to offenses committed after July 1, 1996, former R.C. 2947.061 is available to those who * * * committed their crimes prior to this date." *State v. Coffman*, 91 Ohio St.3d 125, 126, 742 N.E.2d 644 (2001), citing S.B. 2, Section 5.[1]

**{¶ 5}** In 2014, the legislature enacted R.C. 2929.201. This statute appears to give offenders who committed their offenses before S.B. 2 went into effect ("old offenders"), the right to apply for shock probation a second time under R.C. 2947.061. The new statute states:

Notwithstanding the time limitation for filing a motion under former section 2947.061 of the Revised Code, an offender whose offense was committed before July 1, 1996, and who otherwise satisfies the eligibility criteria for shock probation under that section as it existed immediately prior to July 1, 1996, may apply to the offender's sentencing court for shock probation under that section on or after September 15, 2014. Not more than one motion may be filed by an offender under this section. Division (C) of former section 2947.061 of the Revised Code does not apply to a motion filed under this section. A presentence investigation report is not required for

---

[1] Section 5 of S.B. 2, as amended, reads: "The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date."

shock probation to be granted by reason of this section.

{¶ 6} The issue presented in this case is whether an old offender whose prison sentence includes a term for rape is eligible for shock probation under R.C. 2929.201.

## II. Facts and Procedural History

{¶ 7} In 1986, Eaton was convicted on one count of kidnapping, five counts of rape, five counts of gross sexual imposition, one count of attempted rape, and one count of robbery. The trial court imposed an indeterminate prison sentence: 5 to 25 years for kidnapping, 5 to 25 years for each count of rape, 1 year for each count of gross sexual imposition, 4 to 15 years for attempted rape, and 3 to 15 years for robbery. The court ordered all the rape sentences to run concurrently with each other and all gross sexual imposition sentences to run concurrently with each other. The court also ordered the sentences for robbery and attempted rape to run concurrently. The trial court then ordered Eaton to serve the sentences for kidnapping, rape, gross sexual imposition, and robbery/attempted rape consecutively, for an aggregate prison term of 15 to 65 years. Eaton's convictions and sentence were affirmed on appeal, *State v. Eaton*, 2d Dist. Montgomery No. 9848, 1987 WL 17101 (Sept. 16, 1987), as was his sexual-predator designation, *State v. Eaton*, 2d Dist. Montgomery No. 18690, 2001 WL 1388518 (Nov. 9, 2001).

{¶ 8} In 1992, Eaton filed a motion for shock probation under former R.C. 2947.061(B). The trial court overruled the motion, saying only, "After considering the offense, and the non-probationable status as defined by the Ohio Revised Code, the Court hereby OVERRULES the motion." In January 2017, Eaton filed a second motion for shock probation under former R.C. 2947.061(B). The trial court never ruled on that

motion, and Eaton ultimately withdrew it.

{¶ 9} In February 2018, Eaton filed a third motion for shock probation, but this time under R.C. 2929.201. The state opposed the motion, arguing in part that his rape conviction made him ineligible for shock probation. The trial court granted the motion. While the court agreed that an offender serving a prison sentence for rape was not eligible for shock probation, the court concluded that Eaton had completed his prison term for rape and could be released on probation for the remainder of his sentence. The trial court later issued a supplemental decision in which it went a step further: the court concluded that the eligibility requirements for shock probation in former R.C. 2951.02 did not apply to offenders who, like Eaton, remained incarcerated after July 14, 2014, for offenses committed before July 1, 1996. In other words, the trial court held that Eaton was eligible for shock probation despite having been convicted of rape.

{¶ 10} The state appeals.

## II. Analysis

{¶ 11} The sole assignment of error alleges:

The trial court erred by granting Eaton shock probation under R.C. 2929.201 because the statute, by its very terms, provides that Eaton is not eligible for such relief.

{¶ 12} The state argues that, because of his rape conviction, Eaton was not eligible for shock probation. We agree. Being sentenced to prison for rape makes an offender ineligible for probation under former R.C. 2951.02, which renders the offender ineligible for shock probation under former R.C. 2947.061 and therefore ineligible under R.C. 2929.201.

{¶ 13} First, the probation criteria in former R.C. 2951.02 do apply to a R.C. 2929.201 application for shock probation. That is, to be eligible for shock probation under R.C. 2929.201, an offender must satisfy the eligibility criteria for probation under former R.C. 2951.02.

{¶ 14} According to the trial court, the "subject to" phrase in former R.C. 2947.061(B) refers to probation statutes that apply only to pre-S.B. 2 sentences. The court concluded that the legislature did not intend for courts to apply the provisions in former R.C. 2951.02(F) after July 14, 2014, pointing out that R.C. 2929.201 does not refer to former R.C. 2951.02 as a basis for eligibility. An offender did not have to be qualified for probation at the time of sentencing to apply for shock probation under R.C. 2929.201, said the court, and requiring otherwise was contrary to the intent of the new statute. In the court's view, the intent of the new statute was to give old offenders serving long indeterminate sentences imposed under pre-S.B. 2 law a way to be released despite the fact that they may not have qualified for probation at the time of sentencing.

{¶ 15} Contrary to the trial court, we think that the legislative purpose of R.C. 2929.201 was simply to give certain old offenders another opportunity to apply for shock probation. Old offenders can still apply for shock probation under former R.C. 2947.061, but they can do so only once. If an offender, like Eaton, applied early and was denied, or the limited time for ruling expired before a decision, in which case the application was deemed to have been denied, he had no second chance—ever. R.C. 2929.201 gave such offenders a second chance. But the offender still had to satisfy the eligibility criteria under the former law. R.C. 2929.201 incorporated former R.C. 2947.061 and all its eligibility criteria, including R.C. 2951.02. The Ohio Supreme Court has held that "R.C. 2947.061's

language that its operation is '[s]ubject to sections 2951.02 to 2951.09 of the Revised Code' plainly means that eligibility for probation under R.C. 2951.02 is a prerequisite to eligibility for shock probation under R.C. 2947.061." *State v. Bistarkey*, 75 Ohio St.3d 7, 661 N.E.2d 167 (1996), syllabus; *see also State v. Simon*, 87 Ohio St.3d 531, 534, 721 N.E.2d 1041 (2000) (holding that under R.C. 2947.061 "an offender's eligibility for shock probation is dependent on the offender's eligibility for probation"). Furthermore, R.C. 2929.201 itself assumes that R.C. 2951.02 to 2951.09 apply. R.C. 2929.201 states that "[a] presentence investigation [PSI] report is not required for shock probation to be granted by reason of this section." Former R.C. 2947.061 says nothing about requiring a PSI report. Rather, it is former R.C. 2951.03, to which former R.C. 2947.061 is subject, that requires a PSI report. *See State v. Harris*, 66 Ohio St.3d 89, 609 N.E.2d 162 (1993), syllabus ("A trial court is without jurisdiction to rule on a motion for shock probation brought pursuant to R.C. 2947.061, unless and until a written investigation report has been considered by the court pursuant to the mandate of former R.C. 2951.03."). Lastly, we note that the legislature made it clear that all the provisions of the Revised Code as they existed before July 1, 1996, apply to an offender sentenced before that date. *See* S.B. 2, Section 5. For these reasons, we conclude that to be eligible for shock probation under R.C. 2929.201, an offender must be eligible for probation under former R.C. 2951.02.

{¶ 16} Under former R.C. 2951.02, an offender serving a sentence for rape was never eligible for probation. Former R.C. 2951.02(F)(4) prohibited a court from placing an offender on probation and suspending the offender's misdemeanor prison sentence under R.C. 2929.51(D)(2) or (4) if "the offense involved" was rape. This provision indicated that

the legislative wanted to make offenders who committed certain serious crimes—like rape—serve their entire aggregate prison sentence before being released. This is supported by the provision's prohibition on suspending misdemeanor sentences. By stating that an offender who committed these serious crimes was also ineligible to have misdemeanor prison sentences suspended, the statute showed that it was concerned with an offender's entire aggregate sentence, not just with the term imposed for the disqualifying crime. An offender whose prison sentence included a term for rape was never eligible for probation under former R.C. 2951.02.

{¶ 17} The Third District read these statutes the same way in *Tijerina*, 3d Dist. Defiance No. 4-02-01, 2002-Ohio-2979. The offender in that case was convicted of one count of rape, nine counts of sexual battery, and nine counts of corruption of a minor. He was sentenced to an indeterminate term of eight to twenty-five years in prison. The appellate court concluded that "R.C. 2951.02(F)(4) expressly prohibited placing on probation an offender who violates R.C. 2907.02 (Rape) or R.C. 2907.12 (Felonious Sexual Penetration)." *Id.* at ¶ 8. "Therefore, due to the nature of his convictions, [the offender] is not eligible for 'shock probation' under the former R.C. 2947.061." *Id.*

{¶ 18} One might argue that Eaton's eligibility should be compared to an offender who has served the mandatory portion of a sentence and then becomes an eligible offender after serving the appropriate portion of the non-mandatory sentence. Such an argument could apply if Eaton's concurrent rape sentences were deemed to have been served first, and if one were to conclude that, because he had served the rape sentences, he was an eligible offender. But we distinguish those who become eligible offenders after serving their mandatory sentence time from those who are sentenced in part on wholly

ineligible offenses. Judicial release eligibility after mandatory sentence completion is statutory: R.C. 2929.20(A)(2), effective July 1, 1996, included as an "eligible offender" a person "sentenced to a mandatory prison term and another prison term * * * and who has served the mandatory prison term." (That eligibility time frame "after expiration of all mandatory prison terms" is now codified in R.C. 2929.20(C)(1-4)). There is no similar statutory authority from which to conclude that an offender sentenced for rape becomes an eligible offender after the rape sentence has been completed.

### III. Conclusion

{¶ 19} Eaton's prison sentence included a term for rape. Whether he had completed that term was immaterial to his eligibility for shock probation. He was ineligible for shock probation, and the trial court therefore erred by granting his motion for shock probation. The state's sole assignment of error is sustained.

{¶ 20} The trial court's judgment is reversed, and this matter is remanded for further proceedings.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck
Andrew T. French
Kevin Darnell
Hon. Richard Skelton